```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
JOSHUA PAIGE,                             :     24cv3189 (DLC)
                                          :
                     Plaintiff,           :     OPINION AND
                                          :         ORDER
          -v-                             :
                                          :
GARVAN'S ROCK AND RYE, LLC, MAGGIE        :
MAE'S, LLC, and GARVAN MCCLOSKEY,         :
                                          :
                     Defendants.          :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:
H. Joseph Cronen
Nathaniel K. Charny
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York 12572

For defendants:
Robert F. Rich, Jr.
The Law Offices of Robert F. Rich, Jr., PLLC
175 Main Street, Suite 2
New Paltz, New York 12561

DENISE COTE, District Judge:

Plaintiff Joshua Paige's employment was terminated after he injured his knee and went on workers' compensation leave. He has sued his former employers for disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the New York State Human Rights Law, N.Y. Exec. § 290 et seq. ("NYSHRL"). The defendants have moved for summary judgment, arguing that Paige's employment was

terminated for legitimate reasons that are unrelated to his injury.  For the reasons below, the defendants' motion is largely denied.

## Background

Paige was employed as the executive chef at Garvan's, a restaurant in New Paltz, New York, from February 2016 until his employment was terminated on August 30, 2022.  During that time Paige also occasionally worked at Garvan's sister restaurant, Maggie Mae's, which is also in New Paltz.  Garvan's is operated by Garvan's Rock and Rye, LLC while Maggie Mae's is operated by Maggie Mae's, LLC.  Garvan McCloskey is the majority owner of both entities and manages the restaurants along with his wife.

Defendants contend that, although Paige initially performed well in his role, his engagement gradually declined until, by 2018, he was only working at Garvan's once a week.  They also contend that Paige became unwilling to make changes to the menu and did not run specials as often as McCloskey felt was appropriate.

Kathy Combs complained to McCloskey on February 1, 2022 that Paige had created a hostile work environment in January. Combs is the general manager of Garvan's and manages its front-of-house operations.  According to Combs, Paige verbally abused her, "countermanded [her] directions" in front of other staff,

and was otherwise demeaning toward her.  McCloskey has testified that he had already been planning to terminate Paige's employment, and Combs' complaint was a "final straw."

On February 2, McCloskey offered Paige's position via text message to another chef, who did not accept the offer.  McCloskey asserts that he pursued other potential replacements for Paige during the spring and summer of 2022.

On May 8, Paige injured his right knee at work.  Paige has testified that he had a conversation with McCloskey in which he noted that he was planning to take worker compensation's leave and that McCloskey said, "maybe I'll fire you when you're Workers' Comp."

Paige was seen by a nurse practitioner regarding his knee injury on June 30.  He was seen by a physician on July 26 and, following that visit, he gave the defendants a note from his physician excusing him from work for six weeks.

Paige began his workers' compensation leave on August 3.  He contends that he continued to work during that time, both by working on administrative tasks from home and by coming into Garvan's about once a week.

On August 30, McCloskey terminated Paige's employment.  He handed Paige a termination letter that referenced past

3

discussions about "differing visions for Garvan's" and Paige's "management of the kitchen."

This action was filed on April 26, 2024 against Garvan's Rock and Rye, LLC, Maggie Mae's, LLC, and McCloskey. The complaint asserts claims of discrimination, failure to accommodate, and retaliation under the ADA and the NYSHRL, as well as claims of interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). The defendants filed an answer on September 13. The parties proceeded with discovery, which closed on August 22, 2025.

On September 26, the defendants filed this motion for summary judgment. Many exhibits are attached to the motion, including transcripts of Paige's and McCloskey's depositions and documents produced in discovery. The plaintiff's opposition was served on the defendants on October 17 and was filed on the docket on October 23. In his opposition, the plaintiff withdrew his FMLA claims. Attached to the opposition are two exhibits, including a declaration by Paige. On October 30, the plaintiff filed a reply accompanied by another exhibit.

## Discussion

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

4

Civ. P. 56(a).  Material facts are those facts that "might affect the outcome of the suit under the governing law."  Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted).  "[S]ummary judgment must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Indemn. Ins. Co. of N. Am. v. Unitrans Int'l Corp., 98 F.4th 73, 77 (2d Cir. 2024) (citation omitted).  "The court's role with respect to such a motion is not to resolve disputed questions of fact but solely to determine whether, as to any material fact, there is a genuine issue to be tried."  Moll v. Telesector Res. Grp., Inc., 94 F.4th 218, 227 (2d Cir. 2024) (citation omitted).  In employment discrimination actions, "an extra measure of caution is merited" in granting summary judgment "because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions."  Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 603 (2d Cir. 2006) (citation omitted).

The ADA prohibits "discriminat[ion] against a qualified individual" in the "terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  This provision "requires employers to take certain affirmative steps to assist employees with disabilities," which include reasonably accommodating "the

5

known physical or mental limitations of an otherwise qualified individual unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business." Bey v. City of New York, 999 F.3d 157, 165 (2d Cir. 2021) (quoting 42 U.S.C. § 12112(b)(5)(A)). The ADA also prohibits employers from retaliating by taking "adverse action against an employee for engaging in protected activity." Sharikov v. Philips Med. Sys. MR, Inc., 103 F.4th 159, 170 (2d Cir. 2024) (citation omitted); see also 42 U.S.C. § 12203(b).

Under the ADA, a disability is defined "to include, inter alia, a physical or mental impairment that substantially limits one or more major life activities." Hamilton v. Westchester Cnty., 3 F.4th 86, 92 (2d Cir. 2021) (quoting 42 U.S.C. § 12102(1)(A)). Pursuant to the ADA Amendments Act, passed by Congress in 2008, "the term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." Id. (quoting 28 C.F.R. § 35.108(d)(1)(i) (2016)). Under the NYSHRL, meanwhile, disability is defined to include "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted

clinical or laboratory diagnostic techniques." N.Y. Exec. Law § 292(21).

Disability discrimination and retaliation claims under the ADA and the NYSHRL are subject to the McDonnell Douglas burden-shifting framework. Tafolla v. Heilig, 80 F.4th 111, 118, 125 (2d Cir. 2023). At the first step of that framework, the plaintiff bears the burden to establish a prima facie case. Id.

The plaintiff may establish a prima facie case of disability discrimination under the ADA or the NYSHRL by showing that

> (1) the employer is subject to the ADA, (2) the employee is disabled or is perceived to be disabled as defined by the ADA, (3) the employee is qualified to perform the essential functions of the job, with or without reasonable accommodations, and (4) the employee suffers an adverse employment action because of his disability.

Sharikov, 103 F.4th 166; Tafolla, 80 F.4th at 119 (NYSHRL). A plaintiff may establish a prima facie case of failure to accommodate, a type of adverse employment action, by satisfying the same first three elements and, for the fourth element, showing that "his employer refused to make a reasonable accommodation." Tudor v. Whitehall Cent. Sch. Dist., 132 F.4th 242, 246 (2d Cir. 2025) (citation omitted).

The plaintiff may establish a prima facie case of retaliation under the ADA or the NYSHRL by showing that

7

> (i) a plaintiff was engaged in protected activity;
> (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action.

Tafolla, 80 F.4th at 125 (citation omitted). "[S]eeking reasonable accommodation" of a disability is a protected activity. Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 149 (2d Cir. 2002). An adverse action is "any action that could well dissuade a reasonable worker from making or supporting a charge of discrimination, and covers a broader range of conduct than does the adverse-action standard for claims of discrimination." Sharikov, 103 F.4th at 170 (citation omitted). "To prove a causal connection, a plaintiff must show that 'but for' the protected activity, the adverse action would not have been taken." Id. (citation omitted). "Causation may be shown either through direct evidence of retaliatory animus or indirectly, by showing that the protected activity was followed closely by discriminatory treatment." Id. (citation omitted).

If the plaintiff establishes a prima facie case, the burden shifts to the defendant. In the context of a discrimination claim, the defendant must show a "legitimate, nondiscriminatory reason for the employer's conduct." Fox v. Costco Wholesale Corp., 918 F.3d 65, 71 (2d Cir. 2019) (citation omitted). Similarly, in the context of a retaliation claim, the defendant

8

must show a "legitimate, non-retaliatory reason for the employment action."  Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845 (2d Cir. 2013).

If the defendant makes that showing, the burden shifts back to the plaintiff to point to evidence sufficient to permit a rational factfinder to conclude that the defendant's reason is pretextual.  Fox, 918 F.3d at 71.  It is sufficient if this evidence permits a finding "that an impermissible factor was a motivating factor, without proving that the employer's proffered explanation was not some part of the employer's motivation."  Bart v. Golub Corp., 96 F.4th 566, 570 (2d Cir. 2024) (citation omitted).  The Second Circuit has observed in the context of retaliation claims that temporal proximity, "without more," is "insufficient to satisfy [a plaintiff]'s burden to bring forward some evidence of pretext."  El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010), abrogated in part on other grounds by Univ. of Tex. Sw. Med. Ctr. V. Nassar, 570 U.S. 338 (2013); see also Bentley v. AutoZoners, LLC, 935 F.3d 76, 90 (2d Cir. 2019).

I. Discrimination

The plaintiff has established a prima facie case of disability discrimination under the ADA and the NYSHRL.  Although the parties dispute precisely when Paige reported his

9

knee injury to the defendants, they agree that Paige discussed it with Combs on June 27, 2022. Paige then obtained a doctor's note on July 26 that excused him from work for six weeks, and he began his worker's compensation leave on August 3. His employment was terminated on August 30. The temporal proximity of these events provides enough evidence of causation to carry the low burden of establishing a prima facie case of disability discrimination.

At the next step of the analysis, the defendants have easily met their burden of providing evidence that there was a legitimate, nondiscriminatory reason for terminating Paige's employment. There is evidence that McCloskey was dissatisfied with Paige's performance well before his injury in May 2022. Indeed, McCloskey had been looking for a replacement for Paige as early as February 2.

The deciding issue, therefore, is whether Paige has provided evidence from which a reasonable jury could conclude that his injury was at least a motivating factor in the decision to fire him. He has. A reasonable jury could conclude that McCloskey's final decision to terminate Paige's employment was cemented by the disclosure of Paige's injury, and that this caused McCloskey to renew or accelerate his search for a new executive chef.

The defendants argue that temporal proximity alone is not sufficient evidence of pretext.  But the evidence here is not limited to temporal proximity.  For example, Paige has testified that McCloskey said, "maybe I'll fire you when you're Workers' Comp," which a jury could view as evidence of a discriminatory motive.

The defendants also argue that the evidence of pretext is undercut by the fact that when Paige tore his ACL in February 2018, he was permitted to be on leave until May 2018 and continued to be paid.  While this evidence is relevant, it does not preclude a reasonable jury from finding that the plaintiff's injury in 2022 was at least a motivating factor in the termination of his employment.

Finally, the defendants argue that the plaintiff's case has been discredited by certain inconsistencies in his descriptions of the events at issue.  While the defendants may challenge the plaintiff's credibility at trial, that does not entitle the defendants to summary judgment.  Issues of credibility must be resolved by the jury.

II. Failure to Accommodate

The plaintiff also brings claims for failure to accommodate under the ADA and NYSHRL.  Based on the complaint, these claims are premised on the defendants' choice to terminate the

plaintiff's employment, as opposed to making the accommodation of allowing him more time to heal from his injury.  Thus, these claims appear to be coextensive with the disability discrimination claims.

The defendants do not directly seek to dismiss the failure to accommodate claims.  To the extent their challenges to the disability discrimination claims have applicability to the failure to accommodate claims, they fail here for the same reasons.

III. Retaliation

The same evidence that sustains the plaintiff's claims of disability discrimination also sustains his claims of retaliation.  The temporal proximity between Paige beginning his worker's compensation leave on August 3 and his employment being terminated on August 30 is sufficient to meet his low burden to establish a prima facie case of retaliation under the ADA and the NYSHRL.  While the defendants have provided evidence of a legitimate, nonretaliatory reason for terminating his employment, Paige has provided evidence from which a reasonable jury could conclude that the defendants' reason was pretextual.  The defendants' arguments for dismissal of the retaliation claims fail for the same reasons as their arguments for dismissal of the discrimination claims.

## Conclusion

The defendants' September 26, 2025 motion for summary judgment is granted with respect to the FMLA claims, and is otherwise denied.

Dated:   New York, New York
         November 14, 2025

                                    _____
                                    DENISE COTE
                                    United States District Judge